IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BILLY HARRISON,

    Petitioner,

v.

M.E. SPEARMAN,

    Respondent.

No. C 13-4668 WHA (PR)

**ORDER OF DISMISSAL**

# INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges the denial of parole by the California Board of Parole Hearings ("Board").

# ANALYSIS

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.     LEGAL CLAIMS**

Petitioner claims contend that the Board's denial of parole was not supported by sufficient evidence of his current dangerousness. For purposes of federal habeas review, the federal constitutional right to due process entitles a California only to "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 863 (2011). The procedural protections are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 862. Petitioner does not dispute that he received an opportunity to be heard and a statement of the reasons parole was denied. The constitution does not require more. *Ibid.* The court in *Swarthout* explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. As the Supreme Court has determined that due process does not require that there be any amount of evidence to support the parole denial, petitioner's due process claims fail.

In addition to claiming a violation of his right to due process, petitioner claims that the Board's denial of parole violates his Eighth Amendment right to be free from cruel and unusual punishment. Petitioner cites no authority, nor is there any, that the Eighth Amendment is implicated by the denial of parole. Moreover, as the Eighth Amendment does not bar a life sentence for less serious crimes than the murder of which petitioner was convicted, *see Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of 25-years-to-life for recivdist convicted most recently of two counts of petty theft with a prior

conviction), it is readily apparent that there is no Eighth Amendment violation based on a parole denials that result in petitioner remaining incarcerated for life.

Petitioner also contends that the denial of parole violates his equal protection and due process rights because the decision was based upon the "some evidence" standard. His confusion here, which is perfectly understandable, is between the standard that the Board uses in the first instance and the standard that the courts use on appellate review of sufficiency of the evidence claims. *See Sass,* 461 F.3d at 1128-29 (federal); *In re Rosenkrantz*, 29 Cal. 4th 616, 652 (2002) (state-law standard). There is no federal due process or equal protection requirement that the Board apply a preponderance or greater standard. Thus, to the extent petitioner's claim is that there was not a preponderance of the evidence to support the denial, even if true it cannot be the basis for federal habeas relief.

**CONCLUSION**

Accordingly, the petition is **DISMISSED** for failure to state grounds upon which relief can be granted. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October   30   , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3